# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

March 20, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES HICKS,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0872** (BOR Appeal No. 2046896)
            (Claim No. 2011037532)

**WHEELING PARK COMMISSION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James Hicks, by Jonathan C. Bowman, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wheeling Park Commission, by Edward M. George III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 29, 2012, in which the Board affirmed a January 26, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 28, 2011, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hicks worked for the Wheeling Park Commission as a park ranger. On May 27, 2011, Mr. Hicks filed a claim for workers' compensation. He alleged that he received injuries to his chest and right big toe on December 24, 2010, when he dropped a piece of firewood on his right foot. The application included a statement from Matthew Wood, M.D., indicating that Mr. Hicks had a minor laceration on his right big toe. Mr. Hicks had extensive health problems including coronary disease and type II diabetes. Mr. Hicks's health problems eventually required amputation of his right toes and some of his right foot. On June 28, 2011, the claims administrator denied Mr. Hicks's application for workers' compensation benefits. On January 26,

2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review then affirmed the Order of the Office of Judges on June 29, 2012, leading Mr. Hicks to appeal.

The Office of Judges concluded that Mr. Hicks's application for benefits was appropriately denied because the evidence does not support a finding that there was a work-related injury leading to the multiple problems with his right big toe. The Office of Judges found that Mr. Hicks alleged that he dropped a piece of firewood on his foot on December 24, 2010. The Office of Judges considered multiple reports from Mr. Hicks's physician, Dr. Wood, following the alleged injury. The Office of Judges noted that Mr. Hicks had seen Dr. Wood on several occasions subsequent to the alleged date of injury and did not mention that his foot had been struck by a piece of firewood or that he was injured at work. The Office of Judges also found that Mr. Hicks did not report the incident to his employer until he filed for compensation. The Office of Judges found that prior to reporting any work-related injury, the treatment records of Dr. Wood showed that Mr. Hicks developed a callus in his right toe after walking in water. The Office of Judges found that this developed into a lesion which did not heal. The Office of Judges determined that this problem eventually led to several amputations, including all of Mr. Hicks's right toes and part of his right foot. The Office of Judges found that this problem was not work-related. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Hicks has not demonstrated that he received an injury in the course of and resulting from his employment. Mr. Hicks alleged that he received a right toe injury which eventually required amputation on December 24, 2010, when he dropped a piece of firewood on his foot. Mr. Hicks did not report this injury to his employer or to his physician for several months. The medical evidence in the case does not corroborate Mr. Hicks's account of his injury. Although Mr. Hicks's health problems required an amputation of his right toes and some of his right foot, there is insufficient evidence in the case to conclude that this amputation was related to a work injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II